IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARDSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 7, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    Case No. 3:07-cv-801 GPM ) |
| MELISSA GRAY, | ) ) |
| Defendant. | ) ) ) |

# REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Enforce the Settlement Agreement (Doc. 21) filed by Plaintiff Edwardsville CUSD 7 on August 18, 2008. It is **RECOMMENDED** that the Plaintiffs' Motion to Enforce Settlement Agreement be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Plaintiff Edwardsville CUSD ("District") filed its complaint in this action on November 14, 2007 (Doc. 2), seeking attorneys fees under the Individual with Disabilities Education Improvement Act ("IDEA"), which authorizes a federal court to award attorneys' fees to a "prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. §1415(i)(3)(B)(i)(III). The complaint alleges that Defendant Melissa Gray initiated state

administrative proceedings, specifically a due process hearing under the IDEA, seeking special education services from the District for her minor daughter. After an administrative hearing that Gray did not attend, the hearing officer found that Gray's daughter was ineligible for IDEA services, that Gray's request for a due process hearing was without merit, and that Gray had acted in bad faith in prosecuting the hearing request.

The undersigned held a settlement conference in the matter on June 5, 2008 (Doc. 18). The parties reached an agreement at the conference that Gray would pay the District attorneys' fees totaling $10,000, in five installments, and the District would dismiss the action. The parties agreed that after approval by the School Board, the District's counsel would memorialize the agreement. The District notified the Court that the School Board approved the agreement on June 16, 2008 (Doc. 19). On June 20, 2008, the District Court entered an order granting the parties 60 days to consummate the settlement and directing the Clerk of Court to enter judgment dismissing the action at the end of that 60-day period (Doc. 20). On August 18, 2008, the District filed the instant Motion to Enforce Settlement, arguing that Defendant had failed to abide by the terms agreed to at the settlement conference by failing to consummate settlement and failing to tender the first installment payment (Doc. 21).

The undersigned held a hearing on this motion on October 2, 2008 (Doc. 26), and heard arguments from both sides. The District argued that after the settlement conference and subsequent approval of the settlement agreement by the School Board, it forwarded a copy of the settlement agreement to Defendant via e-mail and U.S. mail. The agreement set forth a payment schedule, which called for Gray to make an initial payment of $2,000 to the District 30 days after the School

Board's approval.[1] The School Board approved the settlement on June 16, 2008. Accordingly, the first payment was due July 16, 2008. On July 14, 2008, Gray sent an e-mail to counsel for the District requesting changes to the agreement. The District would not agree to alter the terms of the contract. On August 11, 2008, Gray sent an e-mail to the District's counsel seeking an additional mediation session. The District responded that it would not agree to any additional negotiation and that if it did not receive Gray's first payment by August 18, 2008, it would seek relief from the Court. Gray did not tender any payment, and on August 18, 2008, the District filed the instant motion to enforce the settlement agreement.

At the hearing, Gray argued that she was willing to pay the amount due under the terms of the agreement, but was not satisfied with the language included in the agreement drafted by the District that the hearing officer found her claims to be without merit and that she acted in bad faith. She argued that the language was unfair to her.

After both sides were heard, the undersigned reviewed the settlement agreement drafted by the District with the parties. Both the District and Gray agreed to remove paragraph 3 from the agreement, which contained the language Gray found objectionable. No other terms of the agreement were changed. The undersigned read the final settlement agreement into the record.

### CONCLUSIONS OF LAW

In determining whether to enforce a settlement agreement, a court must first determine whether the parties entered into a valid and enforceable agreement. See Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996). The court of appeals will review this Court's decision for an abuse of

---

[1] Gray was to tender the second payment on November 1, 2008, the third on November 1, 2009, the fourth on November 1, 2010, and the fifth on November 1, 2011.

discretion. Id. A reviewing court will not determine whether it agrees with the lower court's decision, but whether that decision was reasonable. See Antevski v. Volkswagenwerk Aktiengesellschaft, 4 F.3d 537, 539-40, (7th Cir. 1993).

A settlement agreement is a contract between the parties. See Carr, 89 F.3d at 331. State contract law governs enforcement of a settlement agreement made in a federal case. See Dillard v. Starcon Int'l, Inc., 483 F.3d 502, 506 (7th Cir. 2007). An oral settlement agreement is enforceable under Illinois law where offer and acceptance of the compromise are clear and where there is "a meeting of the minds as to the terms of the agreement." Starcon, 483 F.3d at 507 (quoting Wilson v. Wilson, 46 F.3d 660, 663-664 (7th Cir. 1995)). A contract will be found not to exist under Illinois law if the agreement lacks "definite and certain terms." Ass'n Benefit Services, Inc. v. Caremark RX, Inc., 493 F.3d 841, 850 (7th Cir. 2007). A contract is "definite and certain" and therefore enforceable "if the court is enabled from the terms and provisions thereof . . . to ascertain what the parties have agreed to do." Id., (quoting Quinlan v. Stouffe, 823 N.E.2d 597, 603 (Ill. App. Ct. 2005)) (emphasis in original). A contract may be enforced "even though some contract terms may be missing or left to be agreed upon" so long as the "essential terms" are certain. DiLorenzo v. Valve and Primer Corp., 807 N.E.2d 673, 678 (Ill. Ct. App. 2004). "[P]arties to a contract may modify provisions of the contract without affecting their liabilities under the other terms of the agreement." Deien Chevrolet, Inc. v. Reynolds and Reynolds Co., 639 N.E.2d 949, 952 (Ill. App. Ct. 1994).

The agreement made at the settlement conference–that Gray would pay the District a total of $10,000, in installments of $2,000, in exchange for the dismissal of the action–reflects clear offer and acceptance of the compromise and a "meeting of the minds" as to the essential terms of the

agreement. These essential terms are clear and unambiguous; the court can easily ascertain what the parties have agreed to do. Neither party disputes the essential terms of the agreement and neither seeks to alter them. Gray raised an objection to language that she believed was unfair to her. By further agreement of the parties on October 2, 2008, that language was removed from the agreement. Under Illinois law, this modification did not affect the other terms of the agreement. The undersigned therefore determines that the essential terms of the agreement are definite and certain, and the agreement is valid and enforceable. Accordingly, the District is entitled to enforce the settlement agreement as read into the record on October 2, 2008.

## CONCLUSION

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that the Plaintiffs' Motion to Enforce Settlement Agreement (Doc. 21) be **GRANTED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 8, 2009**

                                        **s/** *Donald G. Wilkerson*
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**